In re Stanley SMITH, Debtor.

**WEGMANS FOOD MARKET, INC., Plaintiff,**

v.

**Stanley SMITH, Defendant.**

**Bankruptcy No. 96–12022 B.**
**Adv. No. AP 96–1156 B.**

United States Bankruptcy Court,
W.D. New York.

April 2, 1997.

Raymond C. Stilwell, Williamsville, New York, for Plaintiff.

Lee Charles LaMendola, Buffalo, New York, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Wegmans Food Markets, Inc., operates a chain of grocery stores which accord check cashing privileges to those customers who are members of a shoppers club. Among these members was Stanley Smith, for whom Wegmans cashed nine personal checks drawn on his own account during the period between November 26 and December 1 of 1994. Altogether these checks totaled $245, with the largest being in the amount of $40. Due to insufficient funds, the drawee bank dishonored each of the checks. Thereafter, Wegmans delivered to Mr. Smith its demand for payment of $455. This sum included the dollar value of the checks, together with a service fee of $20 per check. When Mr. Smith then filed a petition for relief under Chapter 7 of the Bankruptcy Code, Wegmans commenced the present adversary proceeding to determine the dischargeability of its claim.

Wegmans asserts that its claim is excepted from discharge under the provisions of either subdivision A or subdivision B of section 523(a)(2) of the Bankruptcy Code. In light of the holding that is set forth hereafter, this Court will focus only upon one of

the grounds stated in the first of these provisions. Section 523(a)(2)(A) provides that an Order of Discharge will not discharge an individual debtor from any debt for money obtained by "a false representation". The nine checks at issue were each dated for the same day that they were cashed. In presenting them to Wegmans, Stanley Smith implicitly represented that his account contained a sufficient balance to satisfy the stated amounts. The defendant has apparently conceded, in accord with the standard that the Supreme Court established in *Field v. Mans*, 516 U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), that Wegmans was justified in its reliance on this representation. Unfortunately, this representation was simply untrue. To establish a false representation within the meaning of the statute, however, the plaintiff must show that the debtor made this implied statement either recklessly or with knowledge of its falsity. *See* Collier on Bankruptcy, ¶ 523.08[1][d] (Lawrence P. King et al. eds., 15th ed. rev. 1996). Wegmans argues that the requisite intent may be inferred from conduct of the debtor. If that conduct had involved an isolated check for a nominal sum, this Court might have refused to draw the suggested inference. In the present instance, however, Stanley Smith reiterated his representation of a positive account balance on nine separate occasions within a period of only six days. Such repetition suffices to indicate at least recklessness in the debtor's representation to Wegmans. The plaintiff thereby satisfied its initial burden of proof, but the underlying inference was subject to rebuttal by the debtor.

 At the trial, Stanley Smith provided no alternative explanation for a belief that his account might have maintained a positive balance. Rather, the essence of his defense was that a cocaine addiction had caused him to lose any concern for the status of that account. He stated that he had been unaware of the balance on deposit, and that his only desire had been to finance his drug habit. Although this testimony might well speak to the state of the defendant's actual knowledge, it reinforces the inference that Smith had issued checks with reckless disregard for his representation of a positive cash balance. In the arena of personal finances, ignorance is never bliss. When a drawer lacks knowledge about his checking balance, any use of that account is inherently reckless.

The debtor's cocaine addiction provides no defense to a determination that he had incurred liabilities by means of a false representation. In claiming the benefits of a program for cashing checks, Stanley Smith surely assumed all attendant responsibilities. Chief among these duties was a commitment to avoid the knowing or reckless presentment of a bad check. Confirming this obligation was paragraph 12 of the Wegmans Shoppers Club Card Agreement, by which Mr. Smith had agreed "to maintain a sufficient balance of available funds in [his] Account to pay the amount of each Check." In allowing himself to enter into an addictive state, Stanley Smith voluntarily compromised the ability to monitor his own financial affairs. Such conduct was itself a reckless disregard of his commitment to exercise effective supervision of his checking account. By using that account without an awareness of its available balance, Smith risked misrepresentation about the adequacy of funds on deposit. Accordingly, under 11 U.S.C. § 523(a)(2)(A), the claim for recovery of the amount of those dishonored checks will constitute an exception to discharge.

 Wegmans Food Markets, Inc., also seeks a declaration that the discharge not extend to its claim for the service fee of $20 for each dishonored check. With respect to all subdivisions of 11 U.S.C. § 523(a)(2), the exception to discharge extends only to debts "for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent obtained by*" any of the prohibited means. [Emphasis added.] As stated by my colleague, the Honorable Michael J. Kaplan, in a case involving the discharge of a claim for attorney's fees, "[i]t is that which the debtor obtains through use of fraud that is excepted from discharge, not everything that the creditor may have suffered." *In re King*, 135 B.R. 734, 736–37 (Bankr.W.D.N.Y.1992). While the sum of $255 that Wegmans advanced on account of bad checks would certainly qualify as money obtained by a false

representation, the service fees are penalties rather than an advance of money. These service fees may constitute a valid claim against the estate, but they are fully dischargeable in a Chapter 7 bankruptcy.

For the reasons set forth above, the debtor's discharge will not extend to his liability for moneys that he received from the plaintiff upon the cashing of bad checks. The debtor is discharged, however, from any liability for service charges attendant to dishonor of these checks. Accordingly, judgment shall be entered for Wegmans Food Markets, Inc., in the amount of $255, together with interest from the dates on which the checks were cashed.

So ordered.